IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEANTE GHOLSTON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden BRUCE CHATMAN, ) <br> ) <br> Respondent. ) <br> ) | CIVIL ACTION NO. 5:16-CV-195 (MTT) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Respondent's motion to dismiss (Doc. 10) the Petitioner's application for writ of habeas corpus as untimely. Doc. 20. The Magistrate Judge also recommends that the Court deny a certificate of appealability. *Id.* at 6. The Petitioner has objected to the Recommendation. Doc. 21. The Petitioner has also moved for "a hearing [to] be held at which time [P]etitioner's counsel could be questioned concerning what he told [P]etitioner about the full panoply of appellate rights." *Id.* at 6. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Respondent's motion to dismiss (Doc. 10) is **GRANTED**, and the petition is **DISMISSED** as untimely. Because the petition is dismissed as untimely, the Court need not determine the underlying claims of the petition, and the Petitioner's motion for a hearing (Doc. 21) is accordingly **DENIED** as moot.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner has not made these showings. Therefore, the Petitioner is **DENIED a COA**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED,** this 11th day of August, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT